UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61951-CIV-MORENO/SIMONTON

NORMA E. WALSH,

    Plaintiff,

v.

JON B. SAGE, P.A. d/b/a SAGE LAW OFFICES,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO STRIKE, GRANTING DEFENDANT'S ALTERNATIVE MOTION TO FILE SUR REPLY AND GRANTING PLAINTIFF'S MOTION TO HOLD IN ABEYANCE DEFENDANT'S MOTION FOR SANCTIONS

Presently before the Court are Defendant's Motion for Sanctions Pursuant to Rule 11 and Section 1927 (DE # 32); Plaintiff's Motion to Hold in Abeyance Defendant's Motion for Sanctions (DE # 71); and Defendant's Motion to Strike Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Hold in Abeyance; and, Alternative Motion for Leave to File Sur Reply (DE # 79). The Honorable Federico A. Moreno, United States District Judge, has referred the Motion for Sanctions and all related motions for extension or enlargement of time to the undersigned Magistrate Judge (DE # 39).

The Motion for Sanctions expressly requests the Court "to award sanctions against Plaintiff and Plaintiff's Counsel ... because Plaintiff and Plaintiff's Counsel filed and prosecuted a patently meritless action" (DE # 32 at 16). Thus, the request for sanctions goes to the heart of the merits of this dispute. Plaintiff seeks to hold the motion in abeyance until the resolution of the merits to avoid duplication of effort. In this regard Plaintiff notes that cross-motions for summary judgment are presently pending. In opposition, Defendant points out that, in response to its motion for summary judgment, Plaintiff has abandoned some of the Counts and allegations which form the basis for its

presently pending motion, and that although another motion for sanctions may be supported by Plaintiff's litigation conduct that post-dated the present motion, the present motion for sanctions is not based on that conduct (DE # 74 at 15).

Plaintiff filed a Reply which refuted various allegations in the response, and which included a discussion of certain settlement negotiations (DE # 77). Defendant moved to strike the reply, arguing, *inter alia*, that it went beyond the scope of the response and improperly included settlement discussions (DE # 79). In the alternative, Plaintiff sought leave to file a sur reply which rebuts the reply and which "will detail both who made what offers, and who withdrew those offers" (DE # 79 at 4).

Based upon a review of the record as a whole, the undersigned has determined that the best course of action, under the circumstances of this case, is to await an adjudication on the merits of this case prior to determining whether Plaintiff and/or her counsel should be sanctioned, and if so, what the appropriate sanction should be. Based upon the conflicting assertions of facts in the documents related to the motions for sanctions, an evidentiary hearing may be required if those facts are deemed material. Finally, the undersigned notes that although Defendant disclaims reliance on post-motion conduct, he refers to this conduct in his papers.

Thus, to avoid piecemeal litigation and unnecessary duplication of effort, the undersigned will grant the motion to hold the motion for sanctions in abeyance. The motion will be terminated, and may be refiled after there is a determination of the merits of the pending motions for summary judgment. Any refiled motion must include all bases upon which Defendant seeks sanctions; however, it is not necessary to refile any exhibits. In reaching this result, the undersigned has considered the Motion to Strike and the alternative Motion for Leave to File Sur Reply. The Motion to Strike is denied; however, the

undersigned has not considered any information contained in the Reply regarding settlement negotiations.  The Motion for Leave to File Sur Reply is granted to the extent that the undersigned has considered the Motion to Strike as a sur-reply.

Therefore, after a careful review of the record, it is hereby

**ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Strike Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Hold in Abeyance and Alternative Motion for Leave to File Sur Reply (DE #79) is **GRANTED IN PART AND DENIED IN PART**, as set forth in the body of this Order.

2.  Plaintiff's Motion to Hold in Abeyance Defendant's Motion for Sanctions (DE # 71) is **GRANTED**.

3.  Defendant's Motion for Sanctions Pursuant to Rule 11 and Section 1927 (DE # 32) is held in abeyance and terminated pending disposition of the cross-motions for summary judgment.  Thereafter, the motion may be refiled.

**DONE AND ORDERED** at Miami, Florida, this 19th day of December, 2006.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Federico A. Moreno, United States District Judge
Donald A. Yarborough, Esq. (Counsel for Plaintiff)
Steven D. Ginsburg, Esq. (Counsel for Defendant)