UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61951-CIV-MORENO/SIMONTON

NORMA E. WALSH,

      Plaintiff,

v.

JON B. SAGE, P.A. d/b/a
SAGE LAW OFFICES,

      Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, JON B. SAGE, P.A. d/b/a SAGE LAW OFFICES ("Defendant"), by and through its undersigned attorney and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b) and Southern District of Florida Magistrate Rule 4(b), and filed and serves this, its Objections to the Report and Recommendation issued on the parties Cross-Motions for Summary Judgment, and states as follows:

### INTRODUCTION

This case involves allegations under the Fair Debt Collection Practices Act ("FDCPA") for allegedly false or misleading statements and threats of urgency. Plaintiff's Second Amended Complaint comprises seven counts and, essentially, two theories of liability: misrepresentation of attorney involvement and false sense of urgency. On or about August 31, 2006, Defendant filed its Motion for Summary Judgment based on Plaintiff's failure to raise any issue of material fact with respect to any of Plaintiff's seven counts. In response, on or about November 6, 2006, Plaintiff requested Counts I, II, III, VI, VII, and VIII of the Second Amended Complaint be dismissed with prejudice and cross-moved for summary judgment on Counts IV and V. Defendant requested that the dismissal of Counts I, II, III, VI, VII, and VIII act as an adjudication on the merits and that Plaintiff be required to pay full compensation. Those cross-

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

motions were submitted to United States Magistrate Judge Andrea Simonton for review.

The Magistrate's Report and Recommendation dated March 12, 2007, recommended that Counts I, II, III, VI, VII, and VIII be dismissed with prejudice. The Magistrate also recommended that Defendant's Motion for Summary Judgment as to Counts IV and V and Plaintiff's Motion for Summary Judgment as to Counts IV and V be denied. Defendant objects to these recommendations of the Magistrate.

For the reasons set forth below, the Court should not follow the recommendations to, first, refuse to order Plaintiff to pay full compensation for the defense of this litigation as a condition of the dismissal of Counts I, II, III, VI, VII, and VIII and, second, to deny Defendant's motion for summary judgment as to Counts IV and V.

## MEMORANDUM OF LAW

### A.    Legal Standard

When a Magistrate Judge issues a report and recommendation, the district judge must make a de novo determination of the finding or recommendations to which any party objects. *See,* 28 U.S.C. § 636(b)(1); *see also, LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988) (discussing the obligation of the district court to conduct a de note review of factual issues made by a magistrate and objected to by a party). "[T]he district court's consideration of the factual issues must be independent and based upon the record before the court." *LoConte,* 847 F.2d at 750. Moreover, and regardless of whether specific objections are filed, the magistrate's legal conclusions must be reviewed de novo. *See, Tran v. Waste Mgmt., Inc.,* 290 F.Supp.2d 1286, 1291 (M.D.Fla. 2003).

After reviewing the report and recommendation, objections and any response, the district judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *See, Tran,* 290 F.Supp.2d at 1291 (*citing,* 28 U.S.C. § 636(b)(1); *See*

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9200 - (561) 683-8977 FAX

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

*also,* Fed. R. Civ. P. 72, S.D.Fla. Mag. R. 4(b).

**B.     Factual Objections to Report and Recommendation**

Under the authority mentioned above, the Defendant sets forth the following specific

factual objections to the Report and Recommendation of the Magistrate Judge on the parties'

cross-Motions for Summary Judgment:

1.      Defendant disputes the characterization of the September 9, 2005 telephone call

between Robert C. Eggers and Plaintiff. *See,* Report P. 7.   Specifically, in concluding the

conversation, Plaintiff promised to call Mr. Eggers back the following Monday, September 12,

2005. *See,* Sage Affi. ¶ 7.[1]

2.      Defendant disputes the characterization of Plaintiff's response to the October 12,

2005 letter. *See,* Report P. 9. Defendant's representative testified that credit reporting of debts

is "a potential result of not getting in contact with us or resolving the account." *See,* Harvey

Dep. at 84.4-9.   Moreover, while Edward Harvey did testify that while, as a general rule,

Defendant does not report to credit bureaus for this particular creditor, *see,* Report P. 9,

Defendant is not only capable of taking such action, but in fact, the creditor itself uses second

tier debt collectors to make reports to credit bureaus as part of their standard procedures. *See,*

Harvey Dep. at 84.13-87.6.   Further still, the express language of the Collection Services

Agreement between the Defendant and NBHD expressly provides for credit bureau reporting

by the Defendant when its client so directs. *Id* at 112.19-24, 115.6.

3.      Defendant's also disputes the failure to detail the second conversation with

Plaintiff on November 23, 2006. *See,* Report P. 9.   Specifically, during that conversation,

Plaintiff told Mr. Eggers that it was a bad time to talk and promised to call back. *See,* Sage Affi.

---

[1] Additionally, during that conversation, the Magistrate recognized that Plaintiff requested Mr. Eggers send her an itemized bill reflecting the debt. *See,* Report P. 7.  On September 13, 2005, Mr. Eggers sent Plaintiff that itemized bill she requested. *See,* Sage Affi. ¶ 8.

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9200 - (561) 683-8977 FAX

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

¶ 11. Plaintiff had not called back by November 28, 2005, so Mr. Eggers called her again and left her a message. *Id* ¶ 12. Defendant also sent Plaintiff another letter as detailed in the Magistrate's Report. *See,* Report P. 9-10.

4.    Defendant disputes the characterization of Plaintiff's responses to the November 28, 2005 Letter. *See,* Report P. 10. Specifically, while Defendant does not dispute that "Plaintiff did not telephone or otherwise contact Defendant within forty-eight hours after she received the November 28, 2005 letter...", *see,* Report P. 10, Defendant's standard procedure is to follow-up within five days of the forty-eight hour letter (allowing three days for mailing and receipt), at which time the account is reviewed for further action. *See,* Harvey Dep. at 38.4, 48.3. Given the Thanksgiving Holidays and weekends, Defendant was in the process of making a determination concerning whether to sue Plaintiff to collect the debt. *See,* Report. P.10.

5.    Defendant also disputes the characterization of the December 16, 2005 telephone call between Robert C. Eggers and Plaintiff. *See,* Report P. 10-11. Specifically, after Defendant had not received the payment that Plaintiff had promised during the December 8, 2005 conversation, Mr. Eggers telephoned Plaintiff, who stated that the check was in the mail. *See,* Sage Affi. ¶ 15-16. Plaintiff subsequently paid the hospital bill. *See,* Walsh Dep. at 72.18.

In sum, the above facts, which were either not considered in the Magistrate's Report and Recommendation, or not included therein, reveal that Defendant had repeated contacts with Plaintiff, which included Plaintiff's apparently credible promises of payment. Moreover, Plaintiff has not disputed the Defendant's affidavits and testified that she has no reason to dispute the Affidavit of Richard D. Sage and has no knowledge or evidence that anything in the Affidavit is not correct. *See,* Walsh Dep. at 116.5-9, 117.13. In this regard, it seems clear that "Plaintiff's file was on a path toward being reviewed for possible litigation" and "if Plaintiff did not make arrangements to pay her debt within a reasonable amount of time, the likelihood that Defendant

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9200 - (561) 683-8977 FAX

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

would file a lawsuit was better than good." *See*, Sage Affi. ¶ 19-20.

### C. The Magistrate Improperly Recommended Counts I, II, III, VI and VII of the Second Amended Complaint be Dismissed Without Recommending Plaintiff to Pay Full Compensation for the Defense of the Litigation

In Counts I, II and III of the Second Amended Complaint, Plaintiff contends that each of the three letters, respectively, constitutes a "deceptive threat of attorney involvement." *See*, Second Amended Complaint. In each of these three counts, Plaintiff alleges that "no attorney was professionally involved [in her] file" in that none of the "form" letters was signed by an attorney. *Id* ¶ 11-13, 17-18, 22-23. In its Motion for Summary Judgment, Defendant clearly detailed how no misrepresentation occurred because the collection letters expressly stated that they were signed by a legal assistant under the supervision of an attorney handling the collection matter. *See*, Defendant's Motion for Summary Judgment.

Indeed, the FDCPA does not preclude attorneys from handling collection matters through the use of legal assistants. Florida law actually recognizes attorney's utilization of legal assistants in this matter. *See, Hankin v. Blissett,* 475 So.2d 1303 (Fla. 3d DCA 1985) (finding pleadings signed by authorized agent of attorney was, in effect, a pleading signed by an attorney). Further, even Plaintiff herself testified that she believed an attorney was involved with her file from her receipt of the September Letter. *See*, Walsh Dep. at 19.15, 38.6-9 (requesting that Defendant provide her an itemized bill and "something in writing to know that it was from a lawfirm"); *see also,* Walsh Dep. at 22.23, 23.2 (testifying that she did not know if her Complaint's allegations stating "no attorney was professionally involved" with her file was true, because she knew that after September 2, 2005, there were attorneys involved). In Plaintiff's Responses to Defendant's First Set of Interrogatories, Plaintiff, under oath, stated that the only basis for the Complaint's statement that "no attorney was actively involved in the consumer's file", was that "[a] search of Broward County Court records shows that the

-5-

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

attorney's at Defendant's law firm rarely, if ever, file lawsuits and collect consumer debts." *See*, Walsh Dep. at Exhibit 2.  Plaintiff testified to this under oath, even though she later admitted that she did not conduct any search, *Id* at 89.16, and otherwise had no knowledge of the number of suits filed by Defendant. *Id* at 92.10.[2]

Similarly, in Counts VI and VII of the Second Amended Complaint, Plaintiff contends that Defendant made false threats of legal action by stating, in the November Letter, that if Plaintiff failed to make a "satisfactory response" within 48 hours, Defendant would "take the appropriate action." *See*, Second Amended Complaint ¶ 42, 55.  Plaintiff contends that the urgency was false because "[b]ased upon information and belief, the debt collector regularly mails hundreds if not thousands of letters substantially similar" to this letter, "and the consumers receiving such letters do not respond within [the requisite time] and the debt collector takes no different action whether the consumer responds or not." *Id* ¶¶ 50-51, 59.  In its Motion for Summary Judgment, Defendant provided unrebutted evidence that it would have filed suit had Plaintiff not paid her debt. *See*, Defendant's Motion for Summary Judgment.

It must be emphasized that this Court previously found that Plaintiff removed the issue of the Defendant's intent with respect to taking legal action against Plaintiff because, within days of the November Letter being sent, on December 8, 2005, she agreed to pay the debt and, in fact, did pay the debt on December 16, 2005. *See*, Dismissal Order P. 10 (holding that "Plaintiff could not have been misled by her own activities").  Moreover, this Court found that "[a]t most, the letters warn of 'appropriate action' or 'necessary steps'... [and not] that legal action will be taken." *Id* P. 6-7.  In fact, this Court explained that any contrary ruling "would imply that any attorney could take no other action against a recalcitrant debtor short of filing a

---

[2] In fact, the public records of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County reflect that Defendant has filed at least 4,160 lawsuit in that county alone. *Id* at Exhibit 6.

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9200 - (561) 683-8977 FAX

lawsuit." *Id* (dismissing claim of false threat of legal action utilizing the 'least sophisticated consumer' test). Yet despite this Court's warning regarding the meritless nature of Plaintiff's allegations, neither she, nor her attorney dismissed or otherwise abandoned these claims.

Presumably, seeing the futility of its claims, Plaintiff responded to Defendant's motion for summary judgment by requesting that Counts I, II, III, VI and VII be dismissed with prejudice. *See*, Plaintiff's Response. However, the meritless nature of these claims have been apparent to both Plaintiff and Plaintiff's attorney for some time now. In this regard, this Court should not reward the continued prosecution of these meritless claims. Accordingly, Defendant objects to the Magistrate's recommendation to dismiss Counts I, II, III, VI and VII of the Second Amended Complaint with prejudice, *see*, Report P. 2-3, as Plaintiff's dismissal on the eve of the hearing on these dispositive motions should be conditioned on Plaintiff paying full compensation for the defense of this litigation.

To be sure, contrary to the Magistrate's Report and Recommendation, Defendant has clearly shown its entitlement to attorney's fees on these issues, the facts of which were not only known to both Plaintiff and her attorney, but to this Court as well. To be sure, not only many of the allegations forming the basis for these claims directly contradicted by this Court in its Dismissal Order, but Defendant previously filed a Motion for Sanctions Pursuant to Rule 11 and Section 1927 on or about August 31, 2006. In fact, and as just one example of Plaintiff and her counsel's awareness of the meritless nature of their claims, Defendant provided Plaintiff with copies of the public record which reflected its filing of several thousand lawsuits in Broward County alone. *See*, Walsh Dep. at Exhibit 6. However, based upon a review of the record and the procedural posture of this case at that time, this Court ordered Defendant's motion for sanctions be held in abeyance pending an adjudication on the merits of this case. *See*, Order dated December 19, 2006. Clearly, and consistent with the spirit of this ruling, the

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

dismissal of Counts I, II, III, VI and VII should operate as an adjudication on the merits, and sanctions appropriately should be awarded to Defendant based on Plaintiff and her counsel's filing and prosecution of a patently meritless action.

> **D.    The Report and Recommendation Erred in Concluding that Defendant's Motion for Summary Judgment Should be Denied, as There are No Material Issues of Fact as to Whether the October 12, 2005 Letter and November 12, 2005 Letter Created a False Sense of Urgency**

In Counts IV and V, the remaining counts of Plaintiff's Second Amended Complaint, Plaintiff contends that Defendant created a false sense of urgency by threatening, in the October Letter, that Defendant would "take all steps necessary to protect our client's interests" failing a responses within five days, *see,* Second Amended Complaint ¶ 27-30 (Count IV), and by threatening, in the November Letter, that Defendant would "take the appropriate action" failing a response within 48 hours. *Id* ¶ 34-48 (Count V).  Plaintiff contends that the urgency allegedly created by these statement is false because, "[b]ased upon information and belief, the debt collector regularly mails hundreds if not thousands of letters substantially similar" to this letter, "and the consumers receiving such letters do not respond within [the requisite time] and the debt collector takes no different action whether the consumer responds or not." *Id* ¶ 28, 37.  While the Magistrate's Report states that there are material issues of fact as to whether Defendant intended to take the actions threatened in the letter, and whether the time limits in those letters were designated to create a false sense of urgency, *see,* Report P. 11, such statements ignore sworn testimony and prior findings made by this Court.  Accordingly, and pursuant to its de novo review, this Court should not follow the Magistrate's recommendations and instead award Defendant summary judgment as to Plaintiff's remaining counts.

First, it cannot be emphasized enough that there is no material issue of fact with regards to Defendant's intent to take the actions threatened in the letters because this Court has already determined that Plaintiff herself removed the issue by agreeing to and, in fact, paying

-8-

*CASE NO.: 05-61951-CIV-MORENO/SIMONTON*

the debt. *See*, Dismissal Order P. 10 (holding that "Plaintiff could not have been misled by her own activities"). Moreover, and despite Plaintiff's utter failure to produce even one single piece of evidence to support a basis for her "information and belief", *see*, Plaintiff's Amended Rule 26 Disclosures, Defendant has documented its prosecution of thousands of cases in Broward County alone. *See*, Walsh Dep. at Exhibit 2.   Without being able to articulate any facts beyond a mere conclusory statement for Plaintiff's allegations, the Magistrate erred in recommending Defendant's motion for summary judgment be denied.

To be sure, the Magistrate's recommendation seems to be based almost exclusively upon its misplaced reliance on *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985). In *Jeter,* the Eleventh Circuit applied the 'least sophisticated consumer' test to determine whether the language is deceptive by its tendency to mislead recipients of a debt collectors letters. *Id.* Where it is reasonable to draw opposing inferences from debt collection letter, the *Jeter* Court found the disagreement should be resolved by the trier of fact. *Id.* Initially, it should be noted that the Magistrate's reliance on *Jeter* is in error because it has been established that the 'least sophisticated consumer' test does not apply to 15 U.S.C. § 1692(e)(5), the false threats of legal action which Plaintiff alleges in the instant action. *Id* at 1175. Nonetheless, even assuming the 'least sophisticated consumer' standard did apply, this Court has already examined the debt collection letters at issue in this case and determined that they "contain no explicit threat of legal action." *See*, Dismissal Order P 6-7 (asking "[d]o these words, uttered on attorney letterhead deceive the 'least sophisticated consumer' to believe the legal action will be taken! It seems not."). Consequently, as there is no disagreement as to the tendency of the language to misled, there is no reason to bring the issue before the trier of fact. *Jeter*, 760 F.2d 1168.

Additionally, there is also no material issue of fact with regards to the effect of the statements in the letter to create a false sense of urgency. While the Magistrate found that the

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 05-61951-CIV-MORENO/SIMONTON

parties in this case could reasonably differ as to the interpretation of the language contained therein, see, Magistrate's Report P. 11-13, such a recommendation is entirely inconsistent and completely ignores this Court's previous findings. To be sure, in examining the very letter at issue, this Court held that the statements contained therein were not a threat to sue or take legal action. See, Dismissal Order P. 6-7 (holding that "[t]he dunning letters at issue contain no explicit threat of legal action. At most, the letters warn of 'appropriate action' or 'necessary steps'"). Consequently, as this Court has already rejected the argument that Defendant made any explicit threat of legal action, there can be no material issue of fact as to whether the time limits in those letters were designated to create a false sense of urgency.

Further, and separate and apart from this Court's previous findings, Plaintiff's own testimony belies the Magistrate's recommendations. Indeed, Plaintiff testified that she knows that 48 hours wasn't "a drop-dead date and time", and that she felt the 48 hour deadline was not realistic. See, Walsh Dep. at 26.21, 27.14. By Plaintiff's own admission, she herself was not misled into believing Defendant would take action within the time limits proscribed in those letters absent her response because "I know that they didn't go ahead and start suing", Id at 25.20, the Defendant did nothing when it took her more than 5 days to respond to the October Letter, Id at 25.14, and she felt "that I might have a little bit more time." Id at 26.17. Plaintiff did not believe that anything was going to happen if she did not act immediately. Id at 27.19.

Thus, in the instant case, the Magistrate's Report erred in failing to consider Plaintiff's payment of the debt, and improperly relied on conclusory, unsupported statements over Defendant's unrebutted evidence that it would have filed suit had Plaintiff not paid her debt. Plaintiff's admissions that she was not misled by the 5-day and 48-hour language in the October and November letters, respectively, coupled with her acceptance and admitting that she has no reason to dispute Defendant's affidavit concerning its intent, entitle Defendant to

-10-

CASE NO.: 05-61951-CIV-MORENO/SIMONTON

summary judgment, as there is no fact or issue under such circumstances.

WHEREFORE, for the reasons stated herein, the Defendant respectfully objects to the

Report and Recommendation of the Magistrate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via

U.S. Mail this 22 day of March 2007 to: Donald A. Yarbrough, 2000 E Oakland Park

Boulevard, Suite 105 PO Box 11842, Fort Lauderdale, FL 33339.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977


By: _____
BARRY A. POSTMAN
FBN: 991856
JONATHAN VINE
FBN: 10966

L:\9410-0004-00\P\Walsh Objections to Magistrate Report.wpd

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9200 - (561) 683-8977 FAX